FRANK C. MEEGAN *vs.* EVELYN M. MEEGAN.

JULY 18, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a petition for divorce, in which the only ground alleged is that the parties had lived separate and apart from each other for the period of at least ten years before the filing of the petition. On the same day the wife also, upon the same ground, filed a similar petition, which was dated eleven days after the husband's petition.

The two cases were heard together, and the trial justice filed a decision covering both of them. In this decision the husband's petition was granted and alimony for the respondent was fixed at $5 each week; and the wife's petition was denied.

In this, the husband's case, he filed an exception to the decision and later filed a bill of exceptions, in which this is the only exception stated. The wife took no exception. The case is now before us on his bill of exceptions; and in support of his exception he has urged three distinct contentions, which are substantially as follows: One is that the latter part of the decision, in which permanent alimony was awarded to the respondent, and its amount was fixed at $5 each week, was contrary to the law; another is that it was contrary to the evidence; and a third is that it was contrary to the weight of the evidence.

As to the first of these grounds, the pertinent statutory provision is general laws 1938, chapter 416, § 3, as follows: "Whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least 10 years, the court may in its discretion

enter a decree divorcing the parties from the bond of marriage, and may make provision for alimony."

We shall consider first the second of the above contentions made by the petitioner, namely, that the part of the decision in which permanent alimony was awarded to the respondent and its amount was fixed at $5 each week, was contrary to the evidence.

By the wife's uncontradicted testimony the following facts were proved. She was forty-nine years old and had no one dependent upon her. She was regularly earning, in a part-time employment by her son-in-law, $5.50 per week, which would amount to a little over $286 per year. She was the owner of a lot of land, in a residential section of the city of Cranston in this state, and a house upon it, containing three apartments, in one of which she lived, renting the others to tenants and receiving from them rent at the total rate of $72 per month, making $864 per year. Her regular annual outlay on the property, not including payments on the principal of a mortgage thereon, consisted of a sum of approximately $275 for interest on this mortgage, $184 for taxes, and a payment for water, which during the last year had amounted to $21, making a total of $480.

She testified that this water bill was unusually small, but gave no estimate of what would be the usual amount. So also she testified that she had to make outlays for repairs on the property, but gave no figures. Under all the circumstances, we are of the opinion that a total deduction of $520 from rentals received from the property is as much as could reasonably be allowed, which would leave as the net income to her from the property the difference between $864 and $520, that is, $344.

When this net income is added to her earnings of approximately $286 per year, the result is that she had a total net income of about $630 per year and the free occupation of one of the three apartments, with water charges covered by receipts from the other apartments. The market value of

this property was about $7500 and it was subject to a mortgage for $4500.

On the other hand the evidence clearly showed that the husband was over sixty years old, with no means of support except his wages of about $27 to $30 per week; and that he was afflicted with an incurable disease, which affected his left hip, required weekly treatments by a physician and would probably soon make it necessary for him to retire from work on retirement pay, probably not exceeding $30 per month.

In this state of the evidence, we are of the opinion that the trial justice, in the exercise of a sound discretion, could not reasonably find that the petitioner should pay any alimony to the respondent. Therefore, we are of the opinion that we should sustain the petitioner's exception so far as it relates to the granting of alimony.

Since, in our opinion, the undisputed evidence was such that no alimony could validly be granted in this case by the trial justice, assuming that upon proper evidence he had the power under G. L. 1938, chap. 416, § 3, above quoted, to award alimony to a respondent wife in granting a husband's petition for divorce on the ground of living separate and apart from each other for the space of at least ten years, we see no reason for deciding the question of law raised by the petitioner as to whether the trial justice had such power.

The petitioner's exception, so far as it relates to granting alimony to the respondent, is sustained, and the case is remitted to the superior court for further proceedings.

*Daniel A. Colton,* for petitioner.
*Arthur P. Johnson,* for respondent.